RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 6/29/06

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Wesley K. Givs | Civil Action No. 6:05-CV-0788 |
| versus | Judge Tucker L. Melançon |
| City of Eunice, et al. | Magistrate Judge Methvin |

## MEMORANDUM ORDER

Before the Court is defendants' unopposed Motion to Strike Punitive Damages [Rec. Doc. 17]. Plaintiff Wesley Givs filed the present action pursuant to: (a) 42 U.S.C. §1983 in violation of the First and Fourteenth Amendments of the United States Constitution; (b) 42 U.S.C. § 2000e, *et seq.* claiming race discrimination, harassment, and retaliation; and (c) state tort law for defamation and negligent infliction of emotional distress against defendants City of Eunice, Louisiana and Mayor Lynn Lejeune, individually and in her official capacity as Mayor of the City of Eunice, Louisiana. (*Complaint* ¶¶ 2, 16-19). In his Complaint, Givs seeks both compensatory and punitive damages from the defendants. The defendants now request that plaintiff's demand for punitive damages against them be stricken pursuant to FED. R. CIV. P. 12(f).[1] Givs has not filed an objection to the defendants'

---

[1] Federal Rules of Civil Procedure Rule 12(f) provides: "Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made

1

Motion.

## I. *Standard of Review.*

The relief granted to a movant pursuant to a Rule 12(f) motion is one with strong consequences. "Partly because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts ... It is a drastic remedy to be resorted to only when required for the purposes of justice." *Augustus v. Board of Public Instruction of Escambia County, Florida*, 306 F.2d 862, 868 (5th Cir. 1962). Because of the reluctance of courts to grant Rule 12(f) motions, the "motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy." *Id.*

## II. *Plaintiff's § 1983 Claims.*

Givs alleges that he was discharged in violation of his First Amendment Free Speech rights, his Fourteenth Amendment Due Process rights, and in violation of 42 U.S.C. § 1983.[2] Section 1983 does not create any substantive rights, but rather, it

---

by a party within 20 days after the service of the pleading upon the party or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

[2] The Civil Rights Act of 1871, 42 U.S.C. § 1983, provides that any person who, under color of state law, deprives another of "any rights, privileges or immunities secured by the Constitution and laws shall be liable to the party injured...."

2

provides a remedy for the rights that it designates. *See Johnston v. Harris County Flood Control Dist.*, 869 F.2d 1565, 1573 (5th Cir. 1989). Accordingly, the Court will review the plaintiff's constitutional claims under the provisions of § 1983.

Defendants contend that Givs' demand for punitive damages arising out of these claims should be stricken from the pleadings because punitive damages are not recoverable against a municipality nor its officers in Section 1983 actions. (*Motion*, p. 1). The Supreme Court has held unequivocally that a municipality is immune from punitive damages in a § 1983 action. See *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Thus, any allegations seeking recovery of punitive damages against the City of Eunice must be stricken from the pleadings as a matter of law.

Plaintiff Givs further asserts claims against Mayor Lynn Lejeune, individually and in her official capacity as Mayor of the City of Eunice. (*Complaint ¶ 1*). In Section 1983 suits which name municipal employees in both their individual and official capacities, proper application of the principle of municipal immunity from punitive damages requires careful adherence to the distinction between personal and official capacity suits. See *Kentucky v. Graham,* 473 U.S. 159, 165 (1985). The Supreme Court has held that "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is not a suit against the official personally, for the real party in interest is the entity." *Id.* at 161. As such, a plaintiff

3

is barred from recovering punitive damages against an official acting in his official capacity. Accordingly, Givs cannot recover such damages against Lejeune for his § 1983 claims. In contrast, the Supreme Court has recognized that punitive damages are recoverable against municipal employees when sued in their individual capacities pursuant to a § 1983 claim. See *Smith v. Wade*, 461 U.S. 30, 35 (1983) (cited in *Williams v. Kaufman County*, 352 F.3d 994, 1015 (5th Cir. 2003). Thus, defendants' Motion to Strike will be granted as to Givs' § 1983 claims against the City of Eunice and Mayor Lejeune in her official capacity, but denied as to plaintiff's § 1983 claims against Mayor Lejeune in her individual capacity.

*III. Plaintiff's Title VII Claims.*

As an initial matter, courts apply the same analysis for federal race discrimination claims pursuant to Title VII, 42 U.S.C. § 2000e, and the Civil Rights laws, 42 U.S.C. §§ 1981, 1983 and 1985. See *Patel v. Midland Memorial Hospital & Medical Center*, 298 F.3d 333, 342 (5th Cir. 2002). As such, the Court will review plaintiff's Title VII discrimination claims in light of the Civil Rights laws. In enacting 42 U.S.C. § 1981a(b)(1), Congress expressly prohibited punitive damage awards against state governmental actors.[3] As such, plaintiff's prayer for punitive

---

[3] 42 U.S.C. § 1981a(b)(1) states in relevant part, "A complaining party may recover punitive damages under this section against a respondent (other than a government, government agency or political subdivision) if . . ."

damages against defendant City of Eunice and Mayor Lejeune, acting in her official capacity, for their alleged discrimination, harassment, and retaliation is without merit. See also *Flot v. Orleans Parish School Bd.,* 1998 WL 915864, 14 (E.D. La. 1998); *Chaney v. New Orleans Public Facility Management, Inc.,* 1997 WL 685351, 2 (E.D. La. 1997).

Despite the availability of punitive damage awards against a state official acting in an individual capacity pursuant to a § 1983 claim, the Fifth Circuit has clearly held that state actors operating in an individual capacity are not liable for punitive damages associated with Title VII discrimination claims. See *Huckbay v. Moore,* 142 F.3d 233, 241 (5th Cir. 1998) (holding that a state official acting in an individual capacity does not satisfy the Title VII definition of "employer" and thus can not be liable under Title VII to the extent that he acted individually). Accordingly, defendants' Motion to Strike will be granted as to all of the plaintiff's claims for punitive damages brought under Title VII.

*IV. Plaintiff's State Law Claims.*

Givs alleges state causes of action for the torts of defamation and negligent infliction of emotional distress in addition to his federal claims. (*Complaint* ¶ 19). It is well settled Louisiana law that punitive damages are not allowed in civil cases unless specifically provided for by statute. In the absence of such a specific statutory

provision, only compensatory damages may be recovered. See *International Harvester Credit Corp. v. Seale*, 518 So.2d 1039, 1041 (La. 1988). Nowhere in the pleadings does plaintiff identify a statutory provision which allows recovery of punitive damages for the state law claims that plaintiff asserts. Accordingly, defendants' Motion to Strike punitive damages for state law claims asserted against the City of Eunice and Mayor Lynn Lejeune, individually and in her official capacity as Mayor of Eunice, will be granted.

Thus, pursuant to FED. R. CIV. P. 12(f),

IT IS ORDERED that defendants' Motion to Strike Punitive Damages [Rec. Doc. 17] as related to all claims brought against the City of Eunice, Louisiana and Mayor Lynn Lejeune, in her official capacity as Mayor of Eunice, Louisiana is GRANTED.

IT IS FURTHER ORDERED that defendants' Motion to Strike Punitive Damages [Rec. Doc. 17] regarding plaintiff's claims of race discrimination, harassment, and retaliation pursuant to 42 U.S.C. § 2000e, *et seq.* and plaintiff's state law claims of defamation and negligent infliction of emotional distress brought against Mayor Lynn Lejeune, in her individual capacity, is GRANTED.

IT IS FURTHER ORDERED that defendants' Motion to Strike Punitive Damages [Rec. Doc. 17] regarding plaintiff's § 1983 claims brought against Mayor

Lynn Lejeune, in her individual capacity, is DENIED.

Thus done and signed this 29th day of June, 2006 at Lafayette, Louisiana.

_____
Tucker L. Melançon
United States District Judge